**E-filed 2/3/06**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CARLOS LUGO,<br><br>   Petitioner,<br><br>  v.<br><br>RICHARD KIRKLAND, Warden,<br><br>   Respondent. | Case Number C 05-0580 JF<br><br>ORDER[1] GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>[Docket No. 46] |

## I. BACKGROUND

After a Monterey Superior Court jury convicted him of three counts of second-degree robbery in violation of California Penal Code § 211 with the personal use of a firearm, Petitioner Carlos Lugo ("Lugo") was sentenced to nineteen years and four months in state prison in April, 2001. Lugo appealed his conviction and filed a petition for a writ of habeas corpus in the California Court of Appeal, in which he contended that his due process rights were violated because the trial court: (1) failed to sever the robbery counts from gang murder charges; and (2) prejudicially erred when it instructed the jury on the definition of "accomplice." The Court of

---

[1] This disposition is not designated for publication and may not be cited.

Appeal affirmed the conviction and denied the petition on October 21, 2003. Thereafter, Lugo filed a petition for review of both decisions in the California Supreme Court, which was denied on November 28, 2003.

On February 8, 2005, pursuant to 28 U.S.C. § 2254, Lugo timely filed a petition for a writ of habeas corpus in this Court. The petition raises the same two claims Lugo exhausted in state court. On December 19, 2005, Lugo filed a motion for stay and abeyance of the instant petition so that he may exhaust state remedies as to newly discovered claims arising from his counsel's investigation into his conviction and sentence. Lugo seeks to raise three additional claims: (1) "the state withheld evidence of impeachment of its witness [Richard] Islas as to his leadership position in a criminal street gang, suspected criminal activity and monetary compensation"; (2) "the state withheld evidence of impeachment of witness [Marina] Marquez as to her previous statements and monetary compensation"; and (3) "the state withheld previous statements of a potential alibi witness."

On January 11, 2006, Respondent filed opposition to Lugo's request for stay and abeyance. Lugo filed a reply on January 16, 2006. The motion for stay and abeyance was taken under submission without oral argument.

Having considered the briefs and relevant evidence, the Court will grant the motion.

## II. DISCUSSION

Lugo requests that the Court hold his fully exhausted petition in abeyance while he returns to state court in order to exhaust state remedies for his three additional claims. Respondent argues that Lugo has not demonstrated "good cause" for his previous failure to exhaust the three new claims. The Ninth Circuit has left open the question of whether the standard articulated in *Rhines v. Weber*, 125 S.Ct.1528, 1535 (2005) or the standard established in *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 988 n.11 (9th Cir. 1998) applies to the situation in this case, i.e., where there is an exhausted petition pending, and a petitioner seeks to litigate newly discovered unexhausted claims in state court. As the Ninth Circuit explained, *Rhines* and *Taylor* apply to different types of petitions: "*Rhines* applies to stays of *mixed* petitions, whereas [*Taylor's*] three-step procedure applies to stays of *fully exhausted*

2

petitions and requires additional steps—the amendment of the original mixed petition and a second amendment to add the newly exhausted claims. . . . Accordingly, we leave for another day the question of whether the stay standard announced by the Supreme Court in *Rhines* applies to our three-step stay-and-abeyance procedure." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005).

Because the Ninth Circuit has not determined whether to apply *Rhines* or *Taylor* in cases where a petitioner seeks stay and abeyance of a fully exhausted petition in order to exhaust additional state claims, the Court will evaluate Lugo's motion under both *Rhines* and *Taylor*.[2] *See, e.g., Rodriguez v. Hickman*, No. CIVS-00-2175FCDJFMP, 2006 WL 191950, at *4 n.4 (E.D. Cal. Jan. 23, 2006) (noting that because petitioner presented a fully exhausted petition instead of a mixed petition, *Rhines* did not apply, and then finding "good cause" existed to stay the petition assuming *Rhines* applied); *Gonzalez v. Terhune*, No. C 03-1565 TEH, 2006 WL 83054, at *16 (N.D.Cal. Jan. 12, 2006) (assuming, arguendo, that *Rhines* applied to a fully exhausted petition); *Hendrix v. Solis*, No. 1:04CV06180AWI-TAG HC, 2005 WL 3591902, at *1 (E.D. Cal. Dec. 29, 2005) (applying *Rhines* in a case involving a fully exhausted petition); *Briscoe v. Scribner*, No. CIVS04-2175FCDGGHP, 2005 WL 3500499, at *1 (E.D. Cal. Dec. 21, 2005) (same).

*Taylor* stands for the proposition that a stay is appropriate where there is no intention on the part of a petitioner to delay or harass and a stay will avoid piecemeal litigation.[3] 134 F.3d at 988 n.11. Additionally, a stay is appropriate "when valid claims would otherwise be forfeited." *Jackson*, 425 F.3d at 659 (quoting *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003)). *Taylor* surely gives district courts discretion to permit amendment of an original *fully exhausted* petition to include any newly exhausted claims. *See Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) ("Our precedent unequivocally authorizes district courts to stay fully exhausted federal petitions pending exhaustion of other claims."). For example, in *Kelly*, the Ninth Circuit

---

[2] Both Lugo and Respondent assume that the *Rhines* standard applies without discussing *Taylor*.

[3] The Ninth Circuit also developed a three-step procedure that gave district courts the discretion to stay a "mixed petition." *Taylor*, 134 F.3d at 986.

3

Case No. C 05-0850-JF
ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE
(JFEX1)

required a district court to consider the option of holding a fully exhausted petition in abeyance to allow petitioner to exhaust new claims in state court before attempting to amend his federal petition to include the newly exhausted claims. *Jackson*, 425 F.3d at 659.

In *Rhines*, the Supreme Court considered "whether a federal district court has discretion to stay [a] *mixed* petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." 125 S.Ct. at 1531 (emphasis added).  The Supreme Court held that stay and abeyance is appropriate when the district court finds that: (1) there was good cause for the failure to exhaust the claim; (2) the claim is not plainly meritless; and (3) there is no indication that the failure was for purposes of delay. *Id.* at 1535.  If a petition is not "plainly meritless" or used for "abusive litigation tactics or intentional delay," and the petitioner has "good cause" for the failure to exhaust, "it likely would be an abuse of discretion for a district court to deny a stay." *Id.*

Regardless of whether *Rhines* or *Taylor* is applied in the instant case, the conclusion is the same.  Respondent asserts that Lugo fails to show "good cause" under *Rhines* because "the factual predicate for these claims was known or should have been known to [Lugo] at the time he filed his direct appeal and habeas petition in state court, for which he was assisted by appointed counsel."  Specifically, Respondent asserts that Lugo lacks "good cause" under *Rhines* because the "factual predicate" for Lugo's new claims are "based on speculative accusations made by [Lugo's] newly hired habeas counsel about information that *may* have existed and was supposedly not revealed to the defense."  Additionally, Respondent asserts that "there is no explanation as to why this information, assuming it even exists, was not discoverable by defense counsel at the time of trial."

However, Lugo points out in his reply that "respondent's entire argument hinges upon the notion that [Lugo] knew of the factual predicates for any claims years ago. . . . It is really an

4

argument that addresses the merits of the claims, not that there is no good cause to allow exhaustion. As the Supreme Court noted in *Rhines*, those are separate questions." Under *Rhines*, the question before the Court is whether Lugo has shown: (1) there was "good cause" for the failure to exhaust the claims; (2) the claims are not plainly meritless; and (3) there is no indication that the failure was for purposes of delay. *See Rhines*, 125 S.Ct. at 1535.

There is relatively little guidance as to what constitutes "good cause" under *Rhines*. The Supreme Court held that the intentional use of "dilatory litigation tactics" is not "good cause." *Rhines*, 125 S.Ct. at 1536 (Souter, J., concurring). The Supreme Court also stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. Diguglielmo*, 125 S.Ct. 1807, 1813 (2005). The Ninth Circuit held that the "application of an 'extraordinary circumstances' standard does not comport with the 'good cause' standard prescribed by *Rhines*." *Jackson*, 425 F.3d at 661-62.

Two California District Courts have issued published opinions interpreting "good cause" under *Rhines*. In one case, which involved a mixed petition, the court analogized the "good cause" prong to the showing of "cause" required to overcome a procedural bar. *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1206-07 (C.D. Cal. 2005). The court reasoned that "[t]o show 'cause' for a procedural default, a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her." *Id.* at 1207. The court held that there was not "good cause" because petitioner "ha[d] not shown that his failure to exhaust his claims resulted from any external objective factor that cannot fairly be attributed to him." *Id.* In the other case, which involved a fully exhausted petition, the court stated that "for a satisfactory showing of good cause, the court will simply require a prima facie

case that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs." *Briscoe*, 2005 WL 3500499, at * 2.

Taking all of the available precedents into consideration, this Court concludes that Lugo has shown a legitimate reason that warrants the delay of federal proceedings while he exhausts his new claims in state court. Lugo has explained that the new claims he wishes to raise resulted from "an investigation into his conviction and sentence that was only begun once he obtained counsel two months ago." Lugo filed his original petition *pro se*. It was only after Respondent filed his answer that Lugo was able to secure counsel to examine his case and begin an investigation. Prior to the investigation, Lugo's appointed appellate counsel was limited to issues apparent from the state court record. Lugo's claim that "evidence of an alibi surfaced, evidence of impeachment, and evidence that witness statements about whether two or three persons were present at the robbery were uncovered" only after his present counsel commenced his investigation is not unreasonable on its face.

In *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005), the Ninth Circuit held that "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim." While *Cassett* applied to a mixed petition, this Court applies it to a fully exhausted petition: if Lugo states "colorable" claims then the claims are not "plainly meritless." Because Lugo states claims that appear to be at least "colorable," they are not "plainly meritless" under the second prong of *Rhines*. Moreover, as Lugo notes, Respondent has argued not that they lack merit, but only that Lugo has failed to show "good cause" for stay and abeyance.

Finally, there is no evidence that Lugo has sought stay and abeyance for the purpose of delay in the instant proceedings. Because Lugo demonstrates "good cause" for his failure to

exhaust previously his three new claims, there is no reason not to stay this action while petitioner exhausts his three new claims. *Rhines*, 125 S.Ct. at 1535 (holding that when petitioner has "good cause" for the failure to exhaust, "it likely would be an abuse of discretion for a district court to deny a stay"); *Briscoe*, 2005 WL 3500499, at *1-2 (finding "good cause" to allow petitioner to stay his action pending exhaustion of six new claims).[4]

Even if *Rhines* does not apply, this Court reaches the same conclusion under *Taylor*. Pursuant to *Taylor*, a federal district court has discretion to hold a fully exhausted petition in abeyance pending exhaustion of other claims. 134 F.3d at 987-88; *see Kelly*, 315 F.3d at 1070; *Ford v. Hubbard*, 305 F.3d 875, 882-83 (9th Cir. 2002); *James v. Pliler*, 269 F.3d 1124, 1126-27 (9th Cir. 2001). Granting a stay is appropriate where there is no intention on the part of the petitioner to delay or harass and in order to avoid piecemeal litigation. *Taylor*, 134 F.3d at 988 n.11; *see also Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that it was an abuse of discretion for a district court not to stay an exhausted petition pending exhaustion of a newly discovered claim). In the instant case, Lugo explained why he did not present the unexhausted claims to the California Supreme Court earlier. As explained above, Lugo states that the claims are based upon new evidence, and explains what that evidence is and why it was not discovered earlier.

---

[4] Respondent further argues that the statute of limitations bars Lugo's new claims. However, even if "some or all of the new claims may be later found to be barred by the statute of limitations [this] does not alter this [Court's] finding." *Briscoe*, 2005 WL 3500499, at *2.

### III.  ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Lugo's motion for stay and abeyance is GRANTED.

IT IS SO ORDERED.

DATED: February 3, 2006

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

3  Plaintiff's Counsel

4  John R. Grele
Email: jgrele@earthlink.net

5
Defendant's Counsel
6  Pamela K. Critchfield
Email: pamela.critchfield@doj.ca.gov