**E-Filed 9/28/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS LUGO,<br><br>        Petitioner,<br><br>    v.<br><br>RICHARD KIRKLAND, Warden,<br><br>        Respondent. | Case Number C 05-580 JF<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO AMEND THE PETITION; LIFTING STAY; AND DIRECTING PETITIONER TO FILE A TRAVERSE |

      In April 2001, a jury convicted Petitioner Carlos Lugo ("Lugo") of three counts of second degree robbery and acquitted him of a count of murder. The trial court sentenced Lugo to a prison term of nineteen years and four months, which sentence reflected enhancements for personal use of a firearm as to all three counts of robbery. Lugo filed an unsuccessful appeal and petition for writ of habeas corpus in the California Court of Appeal. On January 28, 2004, the California Supreme Court denied review of both the appeal and the habeas petition. Lugo's conviction became final ninety days later, on April 27, 2004.

On February 8, 2005, Lugo filed a timely habeas petition in this Court, alleging three exhausted claims: his due process rights were violated by the trial court's failure to sever the robbery counts from the murder count; his due process rights were violated as a result of an erroneous jury instruction on accomplice liability; and the cumulative impact of the errors was prejudicial.

On February 3, 2006, this Court granted Petitioner's request to stay his fully exhausted petition so that he could exhaust three new claims of misconduct by the state during his trial. Specifically, Petitioner requested and was granted leave to exhaust claims that the state withheld: evidence that would have impeached witness Richard Islas; evidence that would have impeached witness Marina Marquez; and statements of a potential alibi witness. February 3 Order at 2.

Lugo did not return to the state courts for approximately two years after obtaining a stay and abeyance of his federal petition. On January 18, 2008, he filed a habeas petition in the Monterey Superior Court, asserting claims entirely different from those identified in his motion for stay and abeyance in this Court – instead of asserting misconduct by the state, Lugo asserted sentencing errors by the trial court. The appellate court denied Lugo's petition on March 13, 2008. On May 8, 2008, Lugo filed a habeas petition in the California Supreme Court asserting a sentencing error claim and for the first time raising a claim of ineffective assistance of trial counsel. The California Supreme Court denied that petition on November 12, 2008.

On November 17, 2008, Petitioner filed the instant motion for leave to amend his petition to add the two newly exhausted claims of sentencing error and ineffective assistance of counsel. The motion is accompanied by a proposed amended petition asserting the following claims: (1) a due process violation arising out of the trial court's failure to sever the robbery counts from the murder count; (2) a due process violation arising out of an erroneous jury instruction on accomplice liability; (3) sentencing errors (new claim); (4) ineffective assistance of trial counsel (new claim); and (5) cumulative error. The Court directed Respondent to file a response to Lugo's motion. Respondent filed a document styled as a motion to dismiss new counts three and four rather than as an opposition to Lugo's motion. However, the motion to dismiss argues explicitly that the Court should deny the requested leave to amend, and asserts that the new

claims are time-barred. Accordingly, the Court construes Respondent's motion as an opposition to Lugo's motion for leave to amend.

The standards governing motions for leave to amend in the habeas context are the same standards that govern such motions in ordinary civil litigation; that is, under Federal Rule of Civil Procedure 15(a), "leave shall be freely given when justice so requires." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing Fed. R. Civ. P. 15(a)). Facts that should be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id*. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id*.

In this case, there is no indication that Lugo has acted in bad faith, nor is there any clear showing that Respondent would be prejudiced if the amendment were permitted. Lugo has not amended his pleadings previously. These three factors weigh in favor of permitting amendment.

However, Lugo did delay significantly before seeking to amend the petition. As noted above, this Court granted Lugo's motion for stay and abeyance in February 2006, and Lugo waited almost two years before filing a habeas petition in the superior court in January 2008. That petition raised only one of the claims he proposes to add now, the alleged sentencing error. Lugo did not raise the claim of ineffective assistance of trial counsel until he filed a habeas petition in the California Supreme Court in May 2008. While this Court is not entirely persuaded by Respondent's argument that there is a freestanding "reasonableness" requirement arising out of *Rhines v. Weber*, 544 U.S. 269 (2005), the Court certainly may consider Lugo's delay in returning to the state courts as a factor in the decision whether to permit the requested amendment.

More troubling, however, is the fact that on their face the proposed new claims appear to be time-barred. As noted above, Lugo's conviction became final on April 27, 2004. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the statute of limitations for seeking federal habeas relief expired one year later, absent tolling, on April 27, 2005. *See* 28 U.S.C. § 2244(d)(1)(A). Lugo timely filed his initial habeas petition in this Court, but that filing did not toll the limitations period established by the AEDPA. *See Duncan v. Walker*, 533 U.S. 167, 181-

3

82 (2001).  Accordingly, Lugo's new claims are time-barred on their face.

      Lugo asserts that new claim four, asserting ineffective assistance of trial counsel, relates back to claim one, asserting a due process violation arising out of the trial court's failure to sever the robbery counts from the murder count.  The ineffective assistance claim is based upon trial counsel's alleged failure adequately to investigate and contest the robbery counts.  Lugo asserts that the *reason* trial counsel improperly failed to investigate and contest the robbery counts is that counsel was focused on the more serious murder count.  This Court concludes that claim four does not relate back to claim one.  A claim relates back to a claim in the original petition when the two claims are "tied to a common core of operative facts."  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  The issue raised by claim one is whether the trial court's failure to sever the robbery counts from the murder count deprived Lugo of due process.  The entirely separate and distinct issues raised by claim four is whether trial counsel's performance with respect to the robbery counts was deficient, and if so, whether such deficiency prejudiced Lugo.  These claims are different in "both time and type."  *See Mayle*, 545 U.S. at 657.

      Lugo also asserts that new claims three and four may be subject to equitable tolling.  The current record does not support a basis for equitable tolling with respect to these claims.  The claims thus appear to be time-barred.  It would be futile to permit amendment of the petition to add time-barred claims.  Accordingly, the Court will deny Lugo's motion for leave to amend the petition.  This ruling is without prejudice to a renewed motion for leave to amend in the event that Lugo can demonstrate that tolling principles apply such that the new claims are not in fact time barred.  If Lugo were to make such a showing, the Court might permit the amendment notwithstanding Lugo's delay.

//
//
//
//

**ORDER**

(1) Lugo's motion for leave to amend the petition is DENIED;

(2) the stay is LIFTED and the Clerk of the Court shall administratively REOPEN the case;

(3) Lugo shall file a traverse addressing his three original claims on or before October 30, 2009; and

(4) the matter thereafter will be taken under submission without oral argument.

DATED: 9/28/2009

_____
JEREMY FOGEL
United States District Judge

1  Copies of Order served on:

2

3

4  John R. Grele jgrele@earthlink.net

5  Pamela K. Critchfield pamela.critchfield@doj.ca.gov, DocketingSFAWT@doj.ca.gov, janet.wong@doj.ca.gov

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-580 JF
ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO AMEND THE PETITION
(JFLC2)