UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARLOS LUGO,<br><br>    Petitioner,<br><br>vs.<br><br>RICHARD KIRKLAND, Warden,<br><br>    Respondent. | Case No: C 05-00580 SBA<br><br>**ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY**<br><br>Dkt. 60 |

Petitioner Carlos Lugo filed a habeas petition in this Court, pursuant to 28 U.S.C. § 2254, to challenge his 2001 state court conviction on three counts of second degree robbery. The parties are presently before the Court on Petitioner's Motion for Discovery. Dkt. 60. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).[1]

## I. BACKRGOUND

In or about 2001, Petitioner was tried in Monterey County Superior Court for various offenses, including robbery and murder. Lugo was convicted of three counts of second-degree robbery in violation of California Penal Code § 211. The firearm enhancements were found true. Id. § 12022.53. The court sentenced the Petitioner to

---

[1] Petitioner filed the instant motion while the action was pending before the Honorable Jeremy Fogel, who did not rule on the motion. The case was reassigned to the undersigned on September 28, 2011. Dkt. 62.

nineteen years and four months in state prison.  Petitioner filed a direct appeal and habeas petition, which the California Court of Appeal denied on October 21, 2003.  People v. Lugo,. No. H023308, 2003 WL 22391170 (Cal. Ct. App. Oct. 21, 2003).  The Supreme Court denied review on January 28, 2004.

On February 8, 2005, Petitioner filed a habeas petition in this Court, pursuant to 28 U.S.C. § 2254.  The Petition alleged three exhausted claims:  violation of due process based in the trial court's failure to sever the robbery counts from the murder count; violation of due process as a result of an erroneous jury instruction on accomplice liability; and prejudice based on the cumulative impact of these alleged errors.

On February 3, 2006, this Court granted Petitioner's motion for stay and abeyance so that he could exhaust three new claims of prosecutorial misconduct by the state during his trial.  See 2/22/06 Order, Dkt. 47.  Specifically, Judge Fogel granted Petitioner leave to exhaust the following claims:  (1) the state withheld evidence that would have impeached witness Richard Islas; (2) the state withheld evidence that would have impeached witness Marina Marquez; and (3) the state withheld statements of a potential alibi witness.  Id. at 2.

Despite the Court's ruling, Petition did not return to the state courts for approximately two years after obtaining a stay and abeyance of his federal petition.  See 9/28/09 Order at 2, Dkt. 55.  Instead, on January 18, 2008, he filed a habeas petition in the Monterey Superior Court asserting sentencing errors—claims that were entirely different from those identified in his motion for stay and abeyance in this Court.  Id.  The state appellate court denied Petitioner's petition on March 13, 2008.  Id.  On May 8, 2008, Lugo filed a habeas petition in the California Supreme Court asserting a sentencing error claim and for the first time raising a claim of ineffective assistance of counsel ("IAC").  Id.  The California Supreme Court denied that petition on November 12, 2008.  Id.

On November 17, 2008, Petitioner filed a motion for leave to amend his petition to add the two newly exhausted claims of sentencing error and IAC. Dkt. 48.  On September 28, 2009, Judge Fogel denied Petitioner's motion, finding that "[Petitioner]'s new claims

are time barred on their face." 9/28/09 Order at 4. Thereafter, on October 31, 2009, Petitioner filed his Traverse in support of his original petition. Dkt. 56, 57.

On May 24, 2011, over a year and a half after filing his Traverse, Petitioner filed the instant motion for discovery in which he seeks discovery of witness statements from "seven eyewitnesses to the robbery and Ricky Islas, the informant, his girlfriend, Maria Higuera." Mot. at 1. Petitioner contends that such statements are in the custody of the Salinas Police Department, the Monterey County District Attorney and the Monterey County Sheriff's Department. Id. According to Petitioner, these witnesses statements will show that their descriptions of the guns used during the robbery were inconsistent and that one of the witnesses "gave a description that might be said to differ from that of Petitioner." Id. at 5. Respondent filed an opposition to the motion on June 6, 2011. Dkt. 61. As no other briefs have been submitted in connection with the motion, the Court deems the matter fully briefed and ripe for adjudication.

## II.     DISCUSSION

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" Id. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969)); Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).[1]

Here, Petitioner seeks discovery consisting of unspecified witness statements which ostensibly relate to a claim for IAC. As discussed above, the Court denied Petitioner's

---

[1] The Ninth Circuit has also described this standard as being that discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her underlying claim. Pham, 400 F. 3d at 743 (quoting Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997)).

motion to amend the petition to allege an IAC claim.  As such, Petitioner has not shown good cause for authorizing the requested discovery.  See Rucker v. Norris, 563 F.3d 766, 771 (8th Cir. 2009) (affirming denial of discovery on procedurally defaulted habeas claim). Petitioner tacitly admits that the allegations of prosecutorial misconduct were previously offered in support of his failed IAC claim.  Nonetheless, he counters that "to the extent that prior witness statements containing exculpatory and impeachment information were not disclosed, those would constitute allegations of prosecutorial misconduct in violation of the Due Process Clause, and an independent basis for relief."  Mot. at 5.  Again, however, no such claim is alleged in the petition before the Court.  And even if it were, Petitioner cannot rely on evidence in this action that was not considered by the state courts.  See Cullen v. Pinholster, – U.S. –, 131 S.Ct. 1388, 1398 (2011) ("review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").  Since this Court would not be able to consider anything beyond the state court record to decide the claims at issue in this case, it would be futile and a waste of resources to permit Petitioner to obtain the requested discovery.

## III.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Petitioner's Motion for Discovery is DENIED. This Order terminates Docket 60.

IT IS SO ORDERED.

Dated: November 16, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge